SOCIETY FOR RELIEF OF DESTITUTE CHILDREN OF SEAMEN v. McDANIEL et al.

(Supreme Court, Special Term, New York County.   July 31, 1914.)

1. RECEIVERS (§ 198*)—ALLOWANCES—EXTRA ALLOWANCE.

Under Code Civ. Proc. § 3320, providing that, where the commissions of a receiver shall not amount to $100, the court in its discretion may allow the receiver a sum not exceeding $100 for his commissions, the court has no discretion to make an extra allowance to a receiver, where his commissions exceed $100.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 392–396; Dec. Dig. § 198.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. RECEIVERS (§ 194*)—ATTORNEYS—ALLOWANCE.

    The attorney of a receiver is not entitled to allowances for services rendered in collecting rents, drawing checks, etc.; such services not being legal services and being those which should be performed by the receiver.

    [Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 385, 386; Dec. Dig. § 194.*]

Action by the Society for the Relief of Destitute Children of Seamen against Mary J. McDaniel and others. On motion to settle and pass receiver's accounts and for extra allowance to the receiver and for an allowance to his attorney. Account settled, and allowance to attorneys granted, but extra allowance to receiver denied.

Francis W. Pollock, of New York City, for the motion.

Frederick de Peyster Foster, of New York City, opposed.

GIEGERICH, J. [1] There being no objection to the receiver's accounts, they are settled and passed, as prayed for. The receiver asks for an allowance, which is opposed by the plaintiff. The receiver's commissions, computed at the rate of 5 per centum upon the sums received and disbursed, considerably exceed the sum of $100. Section 3320 of the Code of Civil Procedure provides that where the commissions of a temporary or permanent receiver, so computed, shall not amount to $100, the court or judge may, in its or his discretion, allow the said receiver such a sum, not exceeding $100, for his commissions as shall be commensurate with the services rendered by said receiver. The court has therefore no power to grant an extra allowance to a receiver, where his commissions exceed $100. The receiver's application for an allowance is denied, and the amount of his commissions will be fixed when the order to be entered hereon is presented for settlement.

[2] Objection is also made by the plaintiff to an allowance to the receiver's attorney for services rendered other than of a legal character. Some of the services mentioned in the affidavit, and upon which the request for an allowance is made, consist of the receipt of rents and depositing the same in a trust company, the receipt of bills and drawing of checks for the receiver to sign, and other routine matters which should have been attended to by the receiver or by the agent employed by him to collect the rents and manage the property. No allowance can be made for such services. The sum of $200 is allowed for necessary legal services rendered and still to be rendered to procure the discharge of the receiver.